USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
CANWEST GLOBAL COMMUNICATIONS CORP.,

        Plaintiff

-against-

MIRKAEI TIKSHORET LIMITED d/b/a/ MIRKAEI TIKSHORET GROUP and ELI AZOUR

        Defendants.
------------------------------------- x

05 CV 4674

(PKC)

ECF Case

## ORDER

UPON THE PARTIES' STIPULATION attached hereto, in particular Defendants' agreement not to oppose an injunction in the form set forth herein, it is hereby ORDERED:

1. THAT, pending confirmation of a final award in the Arbitration, Defendant Mirkaei Tikshoret Limited d/b/a Mirkaei Tikshoret Group, its subsidiaries, affiliates, officers (including but not limited to Mr. Eli Azour), directors, employees, agents, servants, and designees and all persons acting on its behalf (collectively "MTG") and Defendant Eli Azour, are hereby preliminarily enjoined and prohibited from:

    (i) entering into any merger, consolidation, business combination, joint venture or other material corporate transaction, including acquisitions, or adopting or effecting any reorganization of any kind, including a dissolution or liquidation, involving any of the entities

comprising the Palestine Post Limited, Jerusalem Post Publications Limited, Jerusalem Report Publications Limited, The Jerusalem Post Limited, The Jerusalem Report Limited, The Jerusalem Post newspaper, The Jerusalem Report magazine and their respective assets, publications, internet web sites and online properties (collectively the "JPost Group");

(ii)  taking any steps to wind-up, dissolve or terminate the corporate existence of any entity comprising the JPost Group, including without limitation the Palestine Post Limited, Jerusalem Post Publications Limited, Jerusalem Report Publications Limited or any subsidiary thereof;

(iii)  selling, transferring, assigning, mortgaging or otherwise encumbering any of the shares, intercompany receivables, other securities, or JPost Group assets acquired by MTG from Hollinger;

(iv)  repaying to MTG or its affiliates, any indebtedness including any capital notes and intercompany receivables acquired by MTG from Hollinger or making any payment in respect of interest on such indebtedness or committing to make or the making of such payments;

(v)  hiring, firing, transferring or otherwise changing the employment status of any officers, directors or other executives of any entity comprising the JPost Group, except to hire, transfer or otherwise change the employment status of an officer, director or other executive to the extent such action is required in the ordinary course of the JPost Group's business, is an arms-length transaction, and either (a) does not create an obligation of any JPost Group entity exceeding a period of one year or a cumulative value of $300,000, or (b) any obligation created is terminable without cause on no more than 6 months notice and without payment or penalty of any kind;

2

(vi) terminating any existing contracts, commitments, agreements or business relationships except as required in the ordinary course of business; and

(vii) entering into any new contracts, commitments, agreements or business relationships concerning or affecting any entity comprising the JPost Group, except for new contracts, commitments, agreements or business relationships required in the ordinary course of the JPost Group's business that are arms-length transactions, and either (a) do not create an obligation of any JPost Group entity exceeding a period of one year or a cumulative value of $300,000, or (b) involve obligations terminable without cause on no more than 6 months notice and without payment or penalty of any kind.

2. THAT paragraph 1 of this Order shall take effect only upon the furnishing of a bond, given on behalf of Plaintiff pursuant to Fed. R. Civ. P. 65(c) and 65.1 and in a form satisfactory to the Clerk of the Court, in the sum of USD $800,000.00 (Eight Hundred Thousand United States Dollars), such bond to serve as security for payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

3. THAT no less than 30 days after the issuance of an award in the Arbitration, any party may apply to the Court to modify and/or vacate this Order.

4. THAT upon the posting of security in conformity with paragraph 2 hereof or within 5

days hereof, whichever date is earlier, the Temporary Restraining Order of March 11, 2005 shall be discharged in its entirety.

Dated: New York, New York
       May 31, 2005   9:15 am

SO ORDERED:

_____
United States District Judge